ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| **ORLANDO RODRÍGUEZ DÍAZ** Recurrido v. **EINYBEL AGUAYO MENDOZA** Peticionario | KLCE202401029 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas** Civil Núm.: **CG2023CV03644** Sobre: Liquidación de Comunidad de Bienes |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2025.

Mediante *Petición de Certiorari* instada el 23 de septiembre de 2024, comparece ante nos la señora Einybel Aguayo Mendoza (señora Aguayo Mendoza o peticionaria) y nos solicita que revoquemos la *Orden* emitida el 30 de julio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante esta, el TPI declaró No Ha Lugar la moción de desestimación presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

Según surge del expediente, el 21 de agosto de 2020, mediante *Sentencia,* las partes disolvieron su matrimonio en el caso CG2019RF00418. Como parte de la petición de divorcio, el señor Orlando Rodríguez Díaz (señor Rodríguez Díaz) y la señora Aguayo Mendoza incluyeron una estipulación sobre el inventario de las

deudas y bienes gananciales habidos a la fecha de la disolución del matrimonio. Respecto a la estipulación, el TPI dispuso lo siguiente:

> El Tribunal incorpora por referencia y aprueba la estipulación sobre la liquidación de la sociedad legal de bienes y deudas gananciales, contenida y detallada en la presente Sentencia, la cual constituye contrato de transacción entre estos:
> - En cuanto a la propiedad localizada en la Urbanización Hacienda Borinquen, Calle Ucar #256, en Caguas, Puerto Rico, **los peticionarios han decidido que la peticionaria continuará residiendo dicha propiedad y continuará con el pago de la hipoteca de esta.**
> - **Los peticionarios acuerdan que la residencia será el hogar seguro de la peticionaria.**

(Énfasis nuestro).

Posteriormente, el 25 de octubre de 2023, el señor Rodríguez Díaz presentó una *Demanda* para solicitar la liquidación de la comunidad de bienes gananciales habida entre la señora Aguayo Mendoza y él. En la demanda, expuso que durante su matrimonio, él y la señora Aguayo Mendoza adquirieron bienes e incurrieron en deudas gananciales atribuibles a la sociedad legal de gananciales y que en su día, el Tribunal aprobó la referida estipulación. Sin embargo, éste señala que el único bien sujeto a partición lo era el inmueble donde reside la señora Aguayo Mendoza, ubicado en Caguas, Puerto Rico. Afirmó que realizó requerimientos extrajudiciales para lograr la división de la Sociedad Legal de Gananciales, los cuales fueron infructuosos. Por lo anterior, solicitó al foro primario la liquidación de la comunidad de bienes.

En respuesta, el 8 de diciembre de 2023, la señora Aguayo Mendoza presentó *Contestación a Demanda & Reconvención.* Enfatizó que respondió oportunamente los requerimientos extrajudiciales del señor Rodríguez Díaz para evitar controversias ante el Tribunal. No obstante, que el señor Rodríguez Díaz requirió una participación líquida en el inmueble, sin tomar en consideración la deuda hipotecaria existente y el monto de las deudas de la comunidad ganancial que tuvo que asumir para proteger su crédito.

Además, alegó que, posterior a la separación, el señor Rodríguez Díaz asumió unilateralmente y para su propio beneficio deudas en diferentes entidades financieras, sin su autorización. Expuso que seguiría residiendo en el inmueble ganancial, toda vez que constituía su hogar seguro. Informó que no deseaba continuar en comunidad con el señor Rodríguez Díaz, por lo que solicitó la liquidación de la extinta sociedad de bienes gananciales, adjudicando a cada parte los créditos correspondientes.

Luego, el 30 de abril de 2024, fue celebrada la *Conferencia Inicial* por videoconferencia, a la cual comparecieron ambas partes representadas por sus respectivos abogados. En esta, se determinó que la única controversia en el caso era la propiedad ubicada en Hacienda Borinquen. No obstante, la señora Aguayo Mendoza advirtió que la referida propiedad constituye su hogar seguro y que fue uno de los acuerdos en el divorcio. Por su parte, el señor Rodríguez Díaz comunicó que existe un negocio conjunto entre las partes, que consiste en un centro de tutorías, conocido como Salón Hogar, y que entendía que formaría parte del inventario del caso. Luego de escuchar los argumentos de ambas partes, el Tribunal concedió un término al señor Rodríguez Díaz para enmendar la demanda, si así lo consideraba necesario.

Así las cosas, el 14 de junio de 2024, el señor Rodríguez Díaz presentó una *Demanda Enmendada*, a los efectos de incluir el negocio del centro de tutorías. Enfatizó que los bienes sujetos a partición lo eran: (1) la propiedad inmueble ubicada en la Urbanización Hacienda Borinquen, Calle Ucar #256, Caguas, Puerto Rico y (2) el negocio de centro de tutorías, administrado por la señora Aguayo Mendoza y establecido por las partes durante la vigencia del matrimonio.

En respuesta, la señora Aguayo Mendoza presentó una *Moción de Desestimación*. Expuso que en el acuerdo de divorcio, se le

adjudicaron todas las deudas gananciales, así como el inmueble y su correspondiente deuda hipotecaria. Además, que el acuerdo contenía la totalidad de las deudas y activos gananciales a la fecha de la disolución del matrimonio y las deudas personales que el señor Rodríguez Díaz asumió de forma unilateral durante el periodo de separación. Por lo tanto, alegó que, al ser la estipulación un acuerdo de transacción entre las partes constituía cosa juzgada y el señor Rodríguez Díaz estaba impedido de litigar nuevamente una liquidación de bienes gananciales que ya es final y firme.

El 22 de julio de 2024, el señor Rodríguez Díaz compareció mediante *Moción en Cumplimiento de Orden; Réplica a Moción de Desestimación*. En síntesis, arguyó que la sentencia de divorcio dispuso sobre el derecho de hogar seguro a favor de la señora Aguayo Mendoza. No obstante, alegó que no se incluyó disposición alguna respecto a la liquidación de la comunidad de bienes gananciales de la propiedad ubicada en Caguas, Puerto Rico, y el negocio de tutorías. Entendió que la estipulación no adjudicó el bien inmueble a la señora Aguayo Mendoza, ni el negocio propiedad de ambos, por lo que aún existía una comunidad de bienes sujeta a división y liquidación. El 30 de julio de 2024, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por la señora Aguayo Mendoza y otorgó un término de 20 días para someter su alegación responsiva.

El 5 de agosto de 2024, la señora Aguayo Mendoza presentó una *Solicitud de Reconsideración a la Resolución Notificada el 31 de julio de 2024*. Arguyó que erró el TPI al declarar no ha lugar la moción de desestimación solicitada, toda vez que la estipulación concernida puso fin a todas las controversias en cuanto a la liquidación de bienes gananciales, cuyos asuntos, al haber sido acogidos por el Tribunal, constituían cosa juzgada. Señaló que en la demanda original, el señor Rodríguez Díaz alegó que el único bien

sujeto a liquidación era el inmueble ubicado en Caguas, y que luego enmendó la demanda para incluir el negocio de tutorías, a sabiendas de que ese negocio no formó parte del acuerdo de liquidación porque se encontraba fuera de operaciones para esa fecha.

El 23 de agosto de 2024, el TPI declaró No Ha Lugar la reconsideración solicitada. Posteriormente, el 18 de septiembre de 2024, le fue anotada la rebeldía a la señora Aguayo Mendoza, tras no contestar la demanda enmendada.

Inconforme con la determinación del foro primario, el 23 de septiembre de 2024, la señora Aguayo Mendoza incoó el recurso de *certiorari* bajo nuestra consideración. En este le imputó al TPI la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia, Sala Superior de Caguas, al no resolver que la demanda de epígrafe sobre liquidación de bienes gananciales es cosa juzgada de la Sentencia de Divorcio por consentimiento mutuo dictada el 21 de agosto de 2020.

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Desestimación, de esta manera actuando sin jurisdicción sobre la materia al entrar a evaluar un asunto que ya ha sido adjudicado de manera final y firme por otra Sala.

Posteriormente, el 28 de octubre de 2024, la señora Aguayo Mendoza presentó una *Moción Urgente en Auxilio de Jurisdicción*, en la que solicitó que se paralizaran los procedimientos ante el TPI, tras la denegatoria para levantar la anotación de rebeldía. A su vez, el mismo día, el señor Rodríguez Díaz presentó una *Moción de Desestimación*.

El 30 de octubre de 2024, emitimos *Resolución*, mediante la cual declaramos No Ha Lugar la solicitud en auxilio de jurisdicción. Asimismo, denegamos la moción de desestimación presentada, y concedimos al señor Rodríguez Díaz un término final para someter su posición en torno al recurso de *certiorari*. El 12 de noviembre de 2024, este presentó su *Alegato de la Parte Recurrida sobre Certiorari*

*Civil.* Contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 81(2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank y. ZAF Corp. et al.*, 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García y. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones

---

[1] El recurso de *certiorari,* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, supra.

enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez y. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas y. González*, 149 DPR 859, 866 (1999).

**III.**

En su escrito, la señora Aguayo Mendoza argumenta que en la demanda presentada por el señor Rodríguez Díaz, éste pretende relitigar asuntos que ya fueron adjudicados por el foro primario de

manera final y firme, los cuales constituyen cosa juzgada. Ello, toda vez que en el caso sobre divorcio por consentimiento mutuo, las partes presentaron una estipulación en la cual incluyeron los acuerdos en relación a las deudas y bienes gananciales habidas durante la vigencia del matrimonio. Enfatiza que el acuerdo incluyó la propiedad ubicada en Caguas, Puerto Rico, la cual forma parte del hogar seguro otorgado a su favor. Reitera que el propósito de la demanda presentada por el señor Rodríguez Díaz era litigar nuevamente asuntos referentes a la liquidación de bienes y deudas gananciales, a sabiendas de que estas ya fueron resueltas por el foro primario y así consta en la *Sentencia* emitida el 21 de agosto de 2020, en el caso CG2019RF00418.

Además, que el señor Rodríguez Díaz enmendó la demanda a los efectos de incluir el negocio de tutorías, que al momento del divorcio se encontraba fuera de operaciones. Asimismo, discute que cualquier controversia en cuanto al contrato de transacción judicial debe atenderse en el mismo caso en el cual se presentó, y no un pleito independiente mediante el cual se pretende comenzar un nuevo pleito sobre división y liquidación de bienes gananciales. Precisa que el foro *a quo* debió desestimar el caso y que, no expedir el auto y revocar la determinación impugnada, conllevaría un fracaso de la justicia.

Por su parte, el señor Rodríguez Díaz señala que en la *Petición de Divorcio*, específicamente en el inciso 1 del acuerdo de las partes, dispusieron que la señora Aguayo Mendoza continuaría residiendo en la propiedad y realizando los pagos de la hipoteca y que sería su hogar seguro. Además, esboza que en la reconvención presentada el 8 de diciembre de 2023, la señora Aguayo Mendoza alegó que asumió todas las deudas de la extinta comunidad de bienes gananciales a cambio de la participación del señor Rodríguez Díaz en el inmueble ganancial, y aceptó que las partes se encontraban en

una comunidad de bienes, al solicitar la liquidación de la extinta sociedad de gananciales. Añadió que el TPI no incluyó nada respecto a la liquidación de bienes gananciales sobre la propiedad de ambos, y tampoco sobre el negocio Salón Hogar, por lo que corresponde que el asunto sea atendido por el Tribunal, toda vez que no fue incluida en la estipulación de las partes, así como lo alega la señora Aguayo Mendoza.

Según surge del expediente ante este Foro y del Sistema Unificado de Manejo y Administración de Casos (SUMAC), este Tribunal pudo constatar, que, en efecto, el bien inmueble objeto de controversia ubicado en Caguas, Puerto Rico, fue parte de un contrato de transacción en el cual se dispuso solamente que la señora Aguayo Mendoza continuaría residiendo la propiedad y sufragando el pago de la hipoteca. Además, que la referida residencia sería el hogar seguro de ésta. Sin embargo, el foro primario no dispuso sobre la división y/o liquidación de la propiedad como parte de la sociedad legal de gananciales habida entre las partes. Por otro lado, tampoco surge de la *Sentencia* de divorcio emitida el 21 de agosto de 2020, ni del acuerdo de transacción entre las partes, la existencia de disposición alguna en relación al negocio del Centro de Tutorías, conocido como Salón Hogar.

Por lo tanto, analizado el expediente a la luz de las circunstancias específicas de este caso, así como el derecho aplicable, determinamos denegar la expedición del auto solicitado. No encontramos justo motivo para alterar, como pretende la peticionaria, la determinación que hizo el TPI en el ejercicio de su sana discreción. Esta no presenta indicios de prejuicio, parcialidad o error craso o manifiesto. Nótese que el foro primario emitió una *Orden* el 17 de octubre de 2024, notificada el 22 de octubre de 2024, en la cual ordenó la tasación del bien inmueble en cuestión y presentar la valoración del negocio mediante el informe del perito,

así como someter la certificación registral del inmueble, asuntos que se deberán adjudicar en el TPI.

Asimismo, tampoco encontramos que concurra criterio o situación alguna que nos mueva a intervenir con la determinación del TPI para evitar un fracaso de la justicia. Por tanto, lo razonable es abstenernos de ejercer nuestra función revisora en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones